---

## *In re* Ross.

### *(Circuit Court, N. D. New York.* November 30, 1890.)

1. HABEAS CORPUS—REVIEW—SENTENCE BY UNITED STATES CONSUL GENERAL.
    Rev. St. U. S. §§ 4083–4085, vests in the ministers and consuls of the United States in Japan authority to arraign, try, and sentence all citizens of the United States charged with offenses committed in that country. The treaty between the United States and Japan, proclaimed June 30, 1858, provided that "Americans committing offenses in Japan shall be tried by the American consul general or consul, and shall be punished according to American laws." Petitioner was confined in the Albany penitentiary under a sentence of the United States consul general for murder committed in Japan on an American vessel, while the petitioner was a member of the crew. *Held*, that the circuit court of the United States would not discharge petitioner on *habeas corpus*, on the ground that the consul general had no jurisdiction because petitioner was not a citizen of the United States; the consul general, the minister to Japan, the state department, and the president having held that, inasmuch as petitioner was a seaman on an American vessel, his *status* as a citizen of the United States, or at any rate as an American, within the meaning of the treaty, could not be questioned while he was under the protection of the flag.
2. CRIMINAL LAW—TRIAL BY UNITED STATES CONSUL—INDICTMENT—RIGHT TO JURY TRIAL.
    Rev. St. U. S. § 4086, provides that jurisdiction in both civil and criminal matters shall in all cases be exercised in conformity to the laws of the United States, which are, so far as is necessary to execute the treaty, and so far as they are suitable to

carry it into effect, extended over all citizens of the United States in Japan, and over all others to the extent that the terms of the treaty justify or require. Sections 4117, 4119, direct the minister to Japan to prescribe the forms of process and the modes of executing the same, and the manner in which trials shall be conducted. *Held*, that neither presentment by grand jury nor a trial by a common-law jury is essential to the validity of the sentence.

Petition for Writ of *Habeas Corpus.*
*Geo. W. Kirchwey*, for petitioner.
*John E. Smith*, Asst. U. S. Atty., for respondent.

WALLACE, J.   It appears by the petition and return in this case that the petitioner is now confined in the Albany penitentiary under a sentence of imprisonment for life, he having been originally sentenced to death by hanging, and that sentence having been commuted by the president of the United States to imprisonment for life.   It further appears that the sentence was imposed by the consul general of the United States at Kanagava, Japan, and approved by the United States minister resident in Japan, upon the conviction of the petitioner, after a trial before the consul general, of the crime of murder committed in the harbor of Yokahama, Japan, on board an American vessel, of which the petitioner was at the time a member of the crew.   By the laws of the United States, the ministers and consuls of the United States appointed to reside in China, Japan, Siam, Egypt, or Madagascar are invested with judicial authority to arraign, try, and sentence all citizens of the United·States charged with offenses against laws committed in their respective countries, and also with all the judicial authority in regard to civil rights, whether of property or person, necessary to execute the provisions of treaties between the United States and the countries to which they are respectively accredited.   Their jurisdiction embraces "all controversies between citizens of the United States, or others, provided for by such treaties."   Rev. St. U. S. §§ 4083–4085.   Section 4086 of the Revised Statutes provides that such jurisdiction, in both criminal and civil matters, shall in all cases be exercised and enforced in conformity to the laws of the United States, which are, so far as is necessary to execute such treaties, and so far as they are suitable to carry the same into effect, extended over all citizens of the United States in those countries, and over all others, to the extent that the terms of the treaties justify or require.   It further provides that—

"If neither the common law nor the law of equity or admiralty, nor the statutes of the United States, furnish appropriate and sufficient remedy, the ministers in those countries, respectively, shall, by decrees and regulations which shall have the force of law, supply such defects and insufficiency."

By sections 4117 and 4119 the ministers are directed to prescribe and promulgate the forms of process, the mode of executing the same, and the manner in which trials shall be conducted; and they are directed to transmit their regulations, orders, and decrees to the secretary of state, to be laid before congress for revision.   Jurisdiction to try the petitioner was assumed by the consul general under the provisions of the treaty between the United States and Japan, concluded June 15, 1857, and

proclaimed June 30, 1858, which, among other things, contains the following stipulation:

"Americans committing offenses in Japan shall be tried by the American consul general or consul, and shall be punished according to American laws. Japanese committing offenses against Americans shall be tried by the Japanese authorities, and punished according to Japanese law."

It is insisted for the petitioner that the sentence imposed upon him is void because the consul general did not have jurisdiction to try a person not a citizen of the United States; that, if he had jurisdiction in the case, the petitioner was entitled to be placed on trial only upon the presentment or indictment of a grand jury, and to be tried by a common-law jury; and that if the statutes which confer judicial powers and criminal jurisdiction upon ministers and consuls do not preserve to the accused the right to be tried only after presentment or indictment of a grand jury, and then by jury, these statutes are unconstitutional. The questions which are thus presented are of great interest and importance. They have never been considered by any of the circuit or district courts, or by the supreme court of the United States, in any adjudications which have been brought to the attention of this court. Yet during the 30 years since the statutes conferring the judicial powers on ministers and consuls, which have been referred to, were enacted, that jurisdiction has been freely exercised. Citizens of the United States have been tried for serious offenses before these officers without preliminary indictment or a common-law jury, and convicted and punished. These trials have been authorized by the regulations, orders, and decrees of ministers, and it must be presumed that the regulations, orders, and decrees of ministers, prescribing the mode of trial, have been transmitted to the secretary of state, and by him been laid before congress for revision, as required by law. Unless the petitioner was not properly subject to this jurisdiction because he was not a citizen of the United States, his trial and sentence were in all respects modal, as well as substantial, regular, and valid under the laws of congress, according to the construction placed upon these statutes by the acquiescence of the executive, administrative, and legislative departments of the government for this long period of time. It was the view of the consul general, that, inasmuch as the petitioner was a seaman upon an American vessel, his *status* as a citizen of the United States, or at any rate as an American, within the meaning of the treaty with Japan, could not be questioned while he was under the protection of the flag; and this view was approved by action of the minister to Japan, the state department, and the president. Under these circumstances, this court ought not to adjudge that the sentence imposed on the petitioner, and modified by the president, was utterly unwarranted and void, when the case is one in which his rights can be adequately protected by the supreme court, and when a decision by this court, setting the petitioner at liberty, although it might be reversed, would be practically irrevocable.